**OHIO EXCHANGE FOR EDUCATIONAL FILMS CO v P & R AMUSEMENT CO**

Ohio Appeals, 2nd Dist, Miami Co

No 297. Decided Dec 13, 1932

Paxton & Seasongood, Cincinnati, and H. N. and H. W. Lilley, Troy, for plaintiff in error.

Edward H. Allen, Troy, and Judge T. E. Ruth, Columbus, for defendant in error.

KUNKLE, J.

Motion for new trial having been filed and overruled, error is prosecuted to this court. Counsel have favored the court with very exhaustive briefs. We have considered the same and have also read the record. We shall not attempt to discuss the testimony in detail. Counsel are thoroughly familiar with the same. We will merely announce the conclusion at which we have arrived after a consideration of the record and briefs.

It is seriously contended by counsel for plaintiff in error that the verdict is against the manifest weight of the evidence. There is a conflict in the testimony upon various issues presented. The determination of these questions of fact therefore falls within the province of the jury. The jury evidently resolved the issues in favor of defendant in error. From a consideration of the record we would not feel warranted in disturbing the verdict of the jury upon the ground that the same is against the manifest weight of the evidence.

The petition sets forth two separate causes of action.

The defense to these causes of action differs in some respects. To the second cause of action a number of defenses are made. In the absence of any special findings of fact testing the verdict we would not be warranted in stating upon which defense the jury found in favor of defendant in error. The case, therefore, falls within the well established rule that if there was no prejudicial error as to some one of the issues raised by the pleadings the verdict must stand.

It is also claimed that the court erred in its general charge to the jury. We have read the entire charge of the court with care and upon such reading find no error therein which we consider prejudicial to plaintiff in error in view of the general verdict.

Among other things, counsel for plaintiff in error complain of the charge of the trial court in reference to the measure of damages. Assuming for the purposes of this case that the complaint is well taken, nevertheless that could not constitute prejudicial error on behalf of plaintiff in error as it is apparent that the jury did not consider the question of damages.

It is also urged with much force that counsel for defendant in error were guilty of misconduct during the trial of the case. This misconduct consisted of one of counsel for defendant in error writing in chalk upon a blackboard in the court room the words, "Cancelled by plaintiff because they were not fit for Piqua rural audiences—sophisticated and vulgar."

This was written during the recess and as soon as the court's attention was called to the writing the jury was excused and the writing was ordered erased. This is made one of the grounds of the motion for a new trial and certain affidavits on behalf of plaintiff in error were introduced and also the affidavit of ten of the jurors to the effect that they had not seen the writing on the blackboard about which complaint was made.

The motion for new trial which included the ground of misconduct of counsel as above stated was overruled.

We have read that portion of the record which relates to the writing in question and the action of the court thereon and are of opinion that there is nothing in the record which would warrant a reviewing court in disturbing the verdict upon the ground of misconduct of counsel.

The case of **Dock Company v Trapnell, 88 Oh St, page 516** states the rule governing reviewing courts upon this question. On page 521 the court say:

"Remarks of this kind are wholly improper in the trial of a case and it is the duty of the trial court to see that they are not made, or at least not persisted in, but something must be left to the discretion of a trial court, otherwise we would never reach an end to litigation, and a reviewing court ought not to reverse unless it clearly appears that such misconduct was of such character and so persistent as to prevent a fair trial of the cause."

In our opinion this court would not be justified in reversing the judgment of the lower court upon the ground of misconduct of counsel. We have considered all of the grounds of error urged by counsel for plaintiff in error in their brief but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.